FILED
SUPERIOR COURT
OF GUAM

2022 JAN 11 PM 4: 09

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **BANK OF GUAM,** | **CIVIL CASE NO. CV0450-21** |
| **Plaintiff,** | |
| **vs.** | **DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| **JESSE PAUL A. BAZA,** | |
| **Defendant.** | |

This matter is before the Honorable Dana A. Gutierrez based on Plaintiff Bank of Guam's ("Plaintiff") Motion for Summary Judgment against Defendant Jesse Paul A. Baza ("Defendant") filed on August 3, 2021. Plaintiff is represented by Attorney Terrence M. Brooks and Defendant is represented by Attorney Vanessa L. Williams. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, the Court determined that oral argument was unnecessary and took the matter under advisement based on the pleadings. After reviewing the record and relevant law, the Court finds that Defendant failed to provide specific facts indicating a genuine issue for trial. Plaintiff's Motion for Summary Judgment is therefore **GRANTED**.

## UNDISPUTED FACTS

On August 16, 2016, Defendant executed a credit card application ("Note") and obtained a credit card from Plaintiff. Decl. of Christopher J. Adawag, at ¶ 3 (Aug. 3, 2021) (hereinafter

"Adawag Decl."); Deft.'s Answer, at ¶ 2-3 (July 12, 2021). Plaintiff alleges that Defendant failed to make payments on the account for the principal balance, $10,449.28; accrued interest, $73.29; plus prejudgment interest at a rate of 16% from July 16, 2020 until the date of judgment; and reasonable attorney fees. Mot., at 5 (Aug. 3, 2021); Adawag Decl., at ¶¶ 8-9. Defendant admits that he failed to make the required payments, and that Defendant has defaulted on paying the account and now owes the principal amount together with interest, but asserts that he is without sufficient knowledge of the balance due. Deft.'s Answer ¶ 2-3. However, Defendant offers no alternative calculations as to the amount due and no opposition to the Motion for Summary Judgment. *Id.*

## DISCUSSION

### I.   Legal Standard for Summary Judgment.

Under Rule 56(c) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is proper only where there is no genuine dispute of material fact. GRCP 56(c).

When a motion for summary judgment is made, an adverse party may not rest solely upon allegations or denials of the adverse party's pleading. GRCP 56(e). The adverse party's response must set forth specific facts showing that there is a genuine issue for trial. *Id.* "If, after adequate time for discovery, the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,'" then summary judgment is required. *Kim v. Hong*, 1997 Guam

8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7.

"Generally, in a contract dispute, a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning." *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 9 (citing *John Hancock Mutual Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 461 (2d Cir. 1994)). Contract language is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." *John Hancock Mutual Life Ins. Co.*, 22 F.3d at 461. "A contract must be interpreted as to give effect to the mutual intention of the parties . . . at the time of contracting." *Edwards*, 2000 Guam 27 ¶ 9 (citing 18 GCA § 87102).

Further, Rule 56(e) of the GRCP provides that:

> Supporting . . . affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. **If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.**

(emphasis added).

## II. Summary Judgment is Appropriate in the Case At Bar.

In this case, the Plaintiff supports their Motion with the Declaration of Christopher J. Adawag, the Assistant Vice President/Assistant Manager of Bank of Guam, who is a person with

personal knowledge of the facts alleged upon his review of the Defendant's account at Bank of Guam. Adawag Decl., ¶ 1-2. The Defendant did not oppose the Motion, nor has the Defendant presented any affidavits or evidence to refute the facts alleged in the Declaration of Christopher J. Adawag. Therefore, the Court relies on the facts alleged in Plaintiff's supporting Declaration when evaluating Plaintiff's Motion for Summary Judgment. *See* Guam R. Civ. P. 56(e).

It is undisputed that Defendant executed the Note and that he failed to make the required payments. Adawag Decl., at ¶ 3-8; Deft.'s Answer, at ¶ 2-3. Because failing to make payments required by the Note constitutes "default," according to the Note's "Immediate Repayment of Your Full Balance" provision, Plaintiff is permitted to declare the immediate payment of the entire unpaid principal balance under the Note and all accrued unpaid interest due. Adawag Decl., Attachment, ¶ 11.[1] Accordingly, upon acceleration, Defendant was obligated to pay the entire unpaid principal balance and accrued interest.

Plaintiff's evidence supports its calculations and these calculations are undisputed. The Note required Defendant to make monthly minimum payments, accrued interest at the rate of 16% per annum and had a credit limit of $10,000. Adawag Decl., Attachment. Defendant admits that Defendant has failed to make payments and that Defendant has defaulted on paying the account, and now owes Plaintiff the principal amount, together with the interest as provided in the Note. Deft.'s Answer, at ¶ 2-3. Plaintiff alleges the principal amount owed at the time of default is $10,449.28. Adawag Decl., at ¶ 8. Because Defendant provides no evidence of alternative calculations to establish an issue of material fact as to the principal balance owed, the

---

[1] Plaintiff attached a copy of the Note to the Declaration of Christopher J. Adawag. The copy of the Note is hereinafter cited to as "Attachment."

Court finds that at the time Defendant defaulted, the balance due on the Note was $10,449.28.

As to the issue of interest, the Note's "Your Agreement To Pay" provision provides that Defendant agrees to pay the "the Interest Charges and Other Charges due on the Account." Adawag Decl., Attachment, ¶ 2. The interest rate indicated in the Note is an annual percentage rate of 16%. *Id.* ¶ 14. Defendant does not refute Plaintiff's claim that the amount due on the accrued interest is $73.29. Additionally, the "Immediate Repayment of Your Full Balance" provision in the Note states that "[i]f your Account is in default, we may . . . require you to pay your unpaid balance immediately to the extent permitted by law" *Id.* ¶ 11. Defendant provides no evidence refuting the plain language of the Note; therefore, the Court finds no issue of material fact as to Defendant's obligation to pay the interest accrued prior to default in the amount of $73.29.

With regard to the additional interest, Plaintiff does not direct the Court to any provision within the Note that allows for additional interest to accrue until Judgment is entered. However, Plaintiff cites to 20 GCA § 2112 which provides: "Limit Rate by Contract. Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a judgment or other new obligation." Mot., at 4. Defendant provides no evidence to refute the additional interest accruing until Judgment, nor has Defendant provided any opposition to refute the applicability of this statute. Accordingly, the Court finds no issue of material fact as to whether Defendant is obligated to pay the additional interest that accrues on the total sum due upon his default at a rate of 16% from July 16, 2020 until Judgment is entered.

Lastly, regarding reasonable attorney fees due, the Note's "Collection" provision clearly indicates that Defendant promises "to pay all collection costs, including reasonable attorney's

fees and court costs, permitted by law." Adawag Decl., Attachment, ¶ 24. Defendant does not dispute this potential obligation. Therefore, the Court finds no issue of material fact as to whether Defendant is obligated to pay reasonable attorney fees and expenses incurred by Plaintiff in collecting on the Note.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgement as to Plaintiff's claim for the unpaid balance of $10,449.28; accrued interest in the amount of $73.29; additional interest that accrues from July 16, 2020 until Judgment is entered at a rate of 16%; and reasonable attorney fees and expenses.[2]

The Court further **ORDERS** that:

1. Plaintiff shall submit a proposed judgment reflecting the amounts deemed undisputed within fourteen days of entry of this Decision and Order; and

2. Any amount sought to be awarded as attorney's fees must be supported by affidavit or other admissible evidence.

JAN 1 1 2022

SO ORDERED: _____

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*Bowls*
*V. Williams*
Date: _____ Time: 1/11/22
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

---

[2] Plaintiff also seeks an award for post-judgment costs. Mot., at 5. This request is premature until such costs have been incurred.